614 So.2d 1081 (1993)
THE FLORIDA BAR, Complainant,
v.
Kenneth W. MASTRILLI, Respondent.
No. 78942.
Supreme Court of Florida.
January 28, 1993.
Rehearing Denied March 26, 1993.
*1082 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Joseph A. Corsmeier, Asst. Staff Counsel, Tampa, for complainant.
Donald A. Smith, Jr. of Smith and Tozian, P.A., Tampa, for respondent.
PER CURIAM.
This cause is before the Court on complaint of The Florida Bar for review of the referee's recommendation that Kenneth W. Mastrilli, an attorney, be disciplined for ethical violations. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee's findings of fact are supported by substantial competent evidence and thus are accepted by this Court. In 1989, Mastrilli undertook representation of two women allegedly injured in an accident while one was the driver and one was the passenger in the same vehicle. Mastrilli issued demand letters on behalf of the passenger against the insurance carrier of the driver on grounds the latter had been negligent, resulting in alleged injuries to the passenger totalling $100,000.00. The driver's insurance policy would cover only $50,000.00 of any loss.
When the insurance company denied payment, Mastrilli then filed suit in 1990 against the driver on behalf of the passenger. In effect, he filed suit against his own client in the same matter for which he had been retained. The driver terminated Mastrilli's employment when she received the complaint and learned she had been sued by her own attorney. The passenger's lawsuit eventually was settled for $20,000.00, within the limits of liability.
The referee concluded that Mastrilli had violated Rules of Professional Conduct 4-1.7(a) and 4-1.7(b) and noted that Mastrilli has shown no remorse for his actions. The referee then recommended discipline of six months' suspension.
Mastrilli now argues that he was merely negligent in failing to discover a conflict of interest and that, in any event, no harm has come to either client. We do not agree with Mastrilli's representation that he was merely negligent. Mastrilli undertook representation of both the passenger and driver, and he either knew or should have known that their interests were adverse when he sued one on behalf of the other. The Florida Standard for Imposing Lawyer Sanctions 4.32 states:
Suspension is appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.
Here, Mastrilli either knew or should have known of the conflict; and there was a potential that his actions would expose his client, the driver, to a personal liability of up to $50,000.00. Accordingly, suspension is warranted.
Accordingly, we adopt the referee's findings of fact and findings that Mastrilli violated the rules of conduct noted above. We suspend Mastrilli from the practice of law for a period of six months. The suspension will be effective thirty days from the filing of this opinion so that Mastrilli can close out his practice and protect the interests of existing clients. If Mastrilli notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Mastrilli shall accept no new business from the date this opinion is filed. Costs in the amount of $2,451.12 are hereby assessed against Mastrilli, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.